**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

      v.              **5:03-CR-333**
                          **(FJS)**

**BRIAN JONES,**

      **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **JOHN G. DUNCAN, AUSA** |
| **BRIAN K. JONES**<br>**11928-052**<br>FCI Ray Brook<br>P.O. Box 9008<br>Ray Brook, New York 12977<br>Defendant _pro se_ | |

**SCULLIN, Senior Judge**

## ORDER

  Currently before the Court is Defendant's motion seeking modification of his sentence based upon the 2007 retroactive amendment (Amendment 706) to the drug quantity table relating to cocaine (crack) offenses. _See_ Dkt. No. 50. The Government opposes this motion on the ground that it is moot. _See_ Dkt. No. 51.

  On September 26, 2003, Defendant Jones entered a plea of guilty to a violation of 21 U.S.C. § 841(a)(1) as charged in Count 1 of the Indictment. _See_ Dkt. No. 14. The United States

Probation Office found that Defendant fell under the career offender guideline and that his guideline imprisonment range was 151 to 188 months.

At sentencing, on April 21, 2004, the court granted Defendant's motion for a downward departure under U.S.S.G. § 4A1.3, finding that Criminal History Category VI significantly overrepresented the seriousness of his criminal history. Without any objection from the Government, the court also granted Defendant's motion for a downward departure under U.S.S.G. § 5H1.3 based upon the abuse that Defendant had suffered during his childhood. The court then imposed a sentence of sixty (60) months imprisonment and a term of three years supervised release. *See* Dkt. No. 17.

Defendant was released to supervision on October 1, 2007. Had he served the entire sixty-month sentence that the court imposed, he would have been released in April 2009. Although Defendant is currently incarcerated, his incarceration does not result from his conviction for a violation of 21 U.S.C. § 841(a)(1) as set forth in Count 1 of the Indictment. Rather, Defendant's current incarceration is the result of his admitted violation of the terms of his supervised release. *See* Dkt. No. 47 at 3. Therefore, the Court finds that Amendment 706 is not applicable to Defendant's current sentence.

Accordingly, for the above-stated reason, the Court hereby

**ORDERS** that Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 28, 2009
      Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Court Judge